IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                                         CRIMINAL NO. 1:89cr8-2WJG
                                                            CIVIL ACTION NO. 1:05cv212WJG

MARJORIE DAWN BAILEY-HALE

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Marjorie Dawn Bailey-Hale's motion to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

On October 25, 1989, Bailey-Hale was convicted *in absentia* for conspiring to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846, possession with intent to distribute 55 pounds of marijuana in violation of 21 U.S.C. § 841 and interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952 (a)(3). On or about July 28, 2004, Bailey-Hale was sentenced to 33 months imprisonment, 3 years supervised release and a $150.00 special assessment. On August 2, 2004, the Court entered its Judgment of conviction.

Bailey-Hale did not file an appeal, but on May 9, 2005, she filed the instant motion, seeking to vacate her sentence based on the assertion that she should not have received a 2-point enhancement for obstructing justice because (1) her counsel was ineffective for advising her to

abscond during her trial and bullying her to do so; and (2) *United States v. Booker,* 125 S. Ct. 738 (2005), and *Blakely v. Washington,* 124 S. Ct. 2531 (2004), make such an enhancement illegal.

Bailey-Hale fails to offer any evidence or argument that the imposition of a 2-point enhancement for obstruction of justice after fleeing her trial and remaining a fugitive for nearly 15 years reflects an error of constitutional or jurisdictional magnitude, a sentence in excess of the statutory maximum or any error of fact or law of a fundamental character that would render the entire proceeding irregular and invalid. *See U.S. v. Addonizio*, 442 U.S. 178, 185-86 (1979). Further, Bailey-Hale offers no reason why she did not pursue the alleged sentencing error on direct appeal. *See U.S. v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). Consequently, the Court finds Bailey-Hale's claim does not merit collateral review.

Bailey-Hale's allegation that her representation was ineffective because counsel advised and bullied her to flee during her trial is without merit. First, counsel's alleged advice has nothing to do with this Court's imposition of Bailey-Hale's sentence. Second, Fred Lusk, Bailey-Hale's trial attorney, submitted an affidavit wherein he attested:

> I prepared for the trial and during the trial I believed that we were winning the case for the Defense. I discussed the case after the government's presentation with my client and suggested that we may want to just rest without putting on a rebuttal but Ms. Hale insisted on taking the stand. I truly believe that the testimony of Ms. Hale was so bad that it erased all reasonable doubts of guilt from the jury and told her so at the conclusion of her testimony. (I spoke to several jurors after the trial and the[y] confirmed my thoughts.) After that day I spoke to Ms. Hale and gave my opinion as to what I believed the jury would decide and I never saw Marjorie Dawn Bailey Hale again. **I certainly did not tell Ms. Hale to run and leave the jurisdiction.**

(Lusk Aff.) (emphasis added). Bailey-Hale offers no evidence to indicate that her attorney advised her to flee during trial or to remain a fugitive for so long. The Court finds that Bailey-

Hale has failed to show that her attorney rendered ineffective assistance of counsel under the standard announced in *Strickland v. Washington,* 104 S.Ct. 2052 (1984).

Bailey-Hales' argument pursuant to *Booker* and *Blakely* is equally without merit. The Fifth Circuit has expressly addressed consideration of *Booker* and *Blakely* on collateral review:

> [I]t is clear that *Booker* has not been made retroactive to cases on collateral review by the Supreme Court. The Supreme Court did not so hold in *Booker,* nor has the Court done so in any case since *Booker.* The same is true with respect to *Apprendi* and *Blakely*. In fact, in *Booker,* the Court expressly held that both the Sixth Amendment holding and its remedial interpretation apply "to all cases on *direct* review." 125 S.Ct. at 769 (emphasis added). The Court could have, but did not, make any reference to cases on collateral review.
>
> In addition, the Supreme Court has not rendered any decision or combination of decisions that, while not expressly making the rule of *Apprendi, Blakely* and *Booker* retroactive, "necessarily dictate[s] retroactivity" of that rule. *Tyler,* 533 U.S. at 666, 121 S.Ct. 2478. To the contrary, the Supreme Court has strongly suggested that *Apprendi* and, by logical extension, *Blakely* and *Booker* do not apply retroactively on collateral review. *See Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, does not apply retroactively to cases on collateral review).

*In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005); *see U.S. v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005) (holding that *Booker* does not apply retroactively to initial section 2255 motions). Simply put, *Booker* and *Blakely* are not retroactively applicable on collateral review. Further, Bailey-Hales' argument does not present the type of error necessary to sustain collateral review. *See Addonizio*, 442 U.S. at 185-86. Consequently, the Court finds that Bailey-Hales' motion to vacate pursuant to 28 U.S.C. § 2255 should be denied. It is therefore,

ORDERED AND ADJUDGED that Bailey-Hales' motion to vacate be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the above styled action be, and is hereby, dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 1st day of March, A.D., 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE
